UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEIA GILES, | Case No. 1:22-cv-00257-JLT-BAM |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO REMAND |
| NATIONAL EXPRESS TRANSIT CORPORATION, et al., | (Doc. 9) |
| Defendants. | |

## I.   INTRODUCTION

This state law employment/disability discrimination case was removed to this Court on March 2, 2022 based upon an allegation of diversity jurisdiction. (*See* Doc. 1.) Before the Court for decision is Plaintiff's motion to remand, which is premised upon the argument that individual Defendant Janice Curre is a citizen of California and therefore that complete diversity does not exist. (Doc. 9.) Defendant opposes remand and argues, alternatively, that Defendant Curre was fraudulently joined. (Doc. 11.) The Plaintiff replied. (Doc. 13.) For the reasons set forth below, the motion to remand is **DENIED**.

## II.   DISCUSSION

**A.   General Removal Standards and Burdens**

A defendant may remove a civil action from state to federal court so long as jurisdiction

1

originally would lie in federal court. 28 U.S.C. § 1441(a). A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's complaint, or this fact is disclosed in other pleadings, motions, or papers "from which it may . . . be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). For removal purposes, diversity must exist both at the time the action was commenced and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002). The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). The removal statutes are to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1252 (9th Cir. 2006).

While the initial notice of removal "need not contain evidentiary submissions," *Dart Cherokee Basin Operating Co., LLC v. Owens (Dart Cherokee)*, 574 U.S. 81, 84 (2014), removal allegations only remain undisturbed until "contested by the plaintiff or questioned by the court." *Id*. at 87–88. Once the plaintiff has challenged removal, as here, by moving to remand, "both sides submit proof and the court decides" whether jurisdiction has been met by a preponderance of the evidence. *Id*. at 88. The type of evidence to be submitted by the parties "includ[es] affidavits or declarations, or other summary-judgment-type evidence," which prevents the establishment of "removal jurisdiction by mere speculation and conjecture." *Ibarra v. Manheim Inv., Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015) (internal citations and quotations omitted). However, the Ninth Circuit has observed, "the Supreme Court [in *Dart Cherokee*] did not decide the procedure for each side to submit proof on remand," and indicated that determination of "a reasonable procedure" in which "each side has a fair opportunity to submit proof" remains within the province of the district courts. *Id*. at 1200.

The Ninth Circuit has also carefully distinguished a plaintiff's challenge to removal jurisdiction based on a "facial" versus "factual" attack. *See Salter v. Quality Carriers, Inc*., 974 F.3d 959, 964–65 (9th Cir. 2020). A "facial" attack accepts the truth of the defendant's

allegations but asserts that they are "insufficient on their face to invoke federal jurisdiction." *Id*. at 964 (citations and internal quotations omitted). A factual attack "contests the truth of the . . . allegations" themselves. *Id*. It is possible for a plaintiff to assert a factual challenge to removal jurisdiction without submitting rebuttal evidence, where the challenge successfully shows the defendant has not met its preponderance burden. *Harris v. KM Industries, Inc*., 980 F.3d 694, 700 (9th Cir. 2020). This approach is akin to the procedure in the summary judgment context whereby, if the party with the initial burden of production fails to carry its burden, the other party "has no obligation to produce anything." *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (where the nonmoving party bears the burden of proof on a dispositive issue, motion for summary judgment may be made "with or without supporting affidavits"). Thus, a plaintiff is not required to submit rebuttal evidence to factually challenge defendant's removal assumptions. *See Harris*, 980 F.3d at 700; *Ibarra*, 775 F.3d at 1199. Rather, the defendant bears "the burden of establishing removal," *Abrego*, 443 F.3d at 685, 692, and this preponderance burden does not shift to the plaintiff at any time. *Id*.; Harris, 980 F.3d at 701. Therefore, while the plaintiff may rebut defense evidence with his own evidence under *Dart Cherokee*, doing so is not necessary to prevail on a motion for remand. *Harris*, 980 F.3d at 700. Nevertheless, if the plaintiff declines to submit any evidence when moving to remand and elects to rest solely on the facial or factual arguments that defendant has not met its preponderance burden, he does so at his own risk. This is because a court's determination of whether the removal burden is met is based on a preponderance of all the evidence. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee*, 574 U.S. at 88) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence" whether the elements of removal have been satisfied).

**B.     Diversity of Citizenship**

Section 1332 requires complete diversity of citizenship. 28 U.S.C. § 1332(a). The presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego*, 443 F.3d at 679 (citations

3

omitted). A "natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's residency, alone, does not establish domicile and cannot establish citizenship for diversity jurisdiction purposes). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*.

In its notice of removal, Defendant alleges "[u]pon information and belief, Defendant Janice Curre is not a citizen of California." (Doc. 1, ¶ 14.) Plaintiff challenges this allegation factually, asserting that "it is evident" on the available facts that Defendant Curre is domiciled in California. (Doc. 9 at 12.)[1] Specifically, Plaintiff points to the following pieces of evidence.

- A June 2, 2021 termination letter sent to Plaintiff, in which Defendant Curre represented herself as the General Manager of Defendant in Modesto. (*See* Decl. of Lior Barkodar, Ex. G, Doc. 9-8.)
- A local news article from the Modesto Bee dated January 17, 2021, which refers to Defendant Curre as the general manager for "Modesto Area Express" National Express Transit in Modesto. (*Id*. Exh. F, Doc. 9-7.)
- Defendant Curre's LinkedIn profile, which as of March 31, 2022 (the date of the filing of Plaintiff's motion to Remand) still listed her location as Modesto, California, and her occupation as General Manager of National Express Transit in Modesto, California. (*Id*., Exh. C, Doc. 9-4.)

In response, Defendant presents a declaration from Defendant Curre indicating that she moved to Illinois in November 2021. (Doc. 11-1, ¶ 2.) Ms. Curre states under penalty of perjury that she "work[s] in Illinois and currently has a long-term lease on an apartment in Illinois." (*Id*., ¶ 3.) She further indicates that she does not own real property in California, has not worked or

---

[1] To the extent Plaintiff suggests that the case should be remanded simply because the notice of removal alleges only that Ms. Curre was "not a citizen of California" as opposed to alleging she was a citizen of a *particular* state other than California, the Court declines to remand on this basis because Defendant can cure this deficiency by asserting Ms. Curre's asserted state of citizenship—Illinois. *See, e.g., Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) (Though "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties," a defendant should be allowed to cure such defects in an amended notice of removal.); *see also Barbosa v. Transp. Drivers, Inc*., No. ED CV 15-1834-DMG(DTBx), 2015 WL 9272828, at *3 (C.D. Cal. Dec. 18, 2015)("Because Transport Drivers can cure the deficiency in its Notice of Removal by asserting Barbosa's presumed state of citizenship.").

4

1   otherwise earned income in California since 2021, and intends to continue residing in Illinois.
2   (*Id*., ¶¶ 3–5.)

3       In reply, Plaintiff does not contest the veracity of these assertions but instead claims they
4   are insufficient because the declaration "does not provide any further details, such as where
5   Defendant Curre votes, holds a driver's license, maintains financial accounts, where she works,
6   where her vehicle is registered, or where she pays taxes." (Doc. 13 at 13.) Plaintiff maintains it is
7   unclear, therefore, whether Defendant Curre merely resides in Illinois transiently, or whether she
8   is domiciled there. (*Id*.)

9       Plaintiff is correct that certain objective facts are used by courts to determine a stated
10  intent to remain in a particular place for purposes of domicile, including "current residence,
11  voting registration and voting practices, location of personal and real property, location of
12  brokerage and bank accounts, location of spouse and family, membership in unions and other
13  organizations, place of employment or business, driver's license and automobile registration, and
14  payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). When in conflict with the
15  facts, "mere statements of intent are entitled to little weight." *Pagecom, Inc. v. Sprint Sols., Inc*.,
16  No. C18-5495 BHS, 2018 WL 4026361, at *1 (W.D. Wash. Aug. 23, 2018) (citing *Lew*, 797 F.2d
17  at 750) (noting that multiple *Lew* factors were in conflict with one another and therefore applying
18  the presumption in favor of a previously established domicile). A case cited by Plaintiff,
19  *Mardikian v. Golden Eagle Ins. Corp*., No. C 13-02981 WHA, 2013 WL 4532454, at *2 (N.D.
20  Cal. Aug. 26, 2013), provides an example of how the relevant analysis might proceed in practice.
21  In *Mardikian*, the defendant corporation submitted a declaration through an officer indicating that
22  it did business in more than one state; that its "principal place of business" was Boston; that
23  Boston was the primary location of its books and records; and that all nine of its principal officers
24  were located in the Boston office, where they conducted their board meetings. *Id*. Though the
25  court found this declaration "self-serving," it accepted it as "some evidence" of the company's
26  domicile. *Id*. However, other evidence suggested the company still conducted its business
27  exclusively in California. *Id*. at *3. Given that doubts are to be resolved against the exercise of
28  federal jurisdiction, the court found that the company was a citizen of California. *Id*.

Here, however, the Court sees no clear conflict in the objective *Lew* factors. As Ms. Curre's Declaration indicates, she currently resides in Illinois, has a long-term lease on property there, works there, and intends to remain in Illinois. Most of the contrary evidence suggesting California domicile presented by Plaintiff dates to early-to-mide 2021, which is before the Complaint in this case was filed on January 22, 2022 (*see* Doc. 4-1) and well before the March 2022 notice of removal. (Doc. 1.) The sole exception is Ms. Curre's Linked In profile, which, at least as of the date of the filing of the motion to remand, still listed California as Ms. Curre's place of employment. However, there is no indication as to when that profile information was last updated. Even assuming Ms. Curre's declaration could be labeled as "self-serving," it is not contradicted by competent evidence reflective of her California domicile during the relevant timeframe. As mentioned, for removal purposes, diversity must exist both at the time the action was commenced and at the time of removal. *Strotek*, 300 F.3d at 1131. The Court finds that the evidence preponderates in favor of a finding that Ms. Curre's domicile at the relevant times was Illinois. As a result, complete diversity exists and subject matter jurisdiction in this forum is proper.[2] The Court therefore finds it unnecessary to address the alternative Defense argument that Ms. Curre has been fraudulently joined.

### III.   CONCLUSION AND ORDER

For the reasons set forth above, the motion to remand (Doc. 9) is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 29, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

---

[2] There is no dispute that the $75,000 amount in controversy requirement has been met. (*See* Doc. 4-1, ¶ 194 (requesting $7 million in damages).)